United States District Court
Southern District of Texas
**ENTERED**
February 25, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYRONE EUGENE JORDAN, | § | |
| BOP #65074-279, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3456 |
| | § | |
| JULIE KAY GOWEN-HAMPTON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Federal prisoner Tyrone Eugene Jordan (BOP #65074-279) initially filed this lawsuit against Assistant United States Attorney Julie Kay Gowen-Hampton in the 133rd District Court of Harris County, Texas.[1]  As an officer of the United States, Gowen-Hampton removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1).[2] There are several pending motions in this case.  Gowen-Hampton has filed a motion to dismiss and/or for summary judgment, arguing that Jordan's claims are barred [Doc. # 8].  Jordan has not filed a response and his time to do so has expired.  Instead, Jordan has filed three motions for judicial review of documentation submitted in connection with his state court complaint [Docs. # 10, # 11, # 12].  After considering

---

[1]    Plaintiff's Original Petition & Declaratory Judgment & Application for Temporary Restraining Order [Doc. # 1-2].

[2]    Notice of Removal [Doc. # 1].

all of the pleadings and the applicable law, the Court grants the defendant's motion and dismisses this case for the reasons set forth below.

## I.   <u>BACKGROUND</u>

Jordan is currently incarcerated in the United States Bureau of Prisons as the result of his conviction in *United States v. Jordan*, Crim. No. H-15-00182-01 (S.D. Tex.).  On July 15, 2015, a jury found Jordan guilty as charged in that case of three counts of retaliation against a federal officer and a federal judge by filing fraudulent liens against Senior United States District Judge Hayden Head and Gowen-Hampton in excess of $6 million.[3]  The retaliation charges stemmed from Jordan's 2010 conviction for conspiracy to launder money arising from drug transactions and for conspiracy to transport unlawful aliens in *United States v. Jordan*, Crim. No. C-10-00020-03 (S.D. Tex.).  Judge Head presided over that case and Gowen-Hampton was one of the prosecutors.  Jordan received a 120-month prison sentence as the result of his conviction for retaliation in Crim. No. H-15-00182-01.[4]

The United States filed a civil action against Jordan seeking declaratory and injunctive relief from the fraudulent liens against Judge Head and Gowen-Hampton. *See United States v. Jordan*, Civil No. H-15-1664 (S.D. Tex.).  On September 2, 2015, the district court entered a judgment in favor of the United States declaring that the

---

[3]   Indictment [Doc. # 1] and Jury Verdict [Doc. # 55] in Crim. No. H-15-00182-01.

[4]   Judgment [Doc. # 88] in Crim. No. H-15-00182-01.

liens were "**NULL, VOID, AND OF NO LEGAL EFFECT**."[5]   The district court also permanently enjoined Jordan from filing additional false liens against employees of the United States in the future.[6]

On November 3, 2015, Jordan filed a complaint against Gowen-Hampton in the 133rd District Court of Harris County, Texas, seeking damages for breach of contract and specific performance to enforce the fraudulent liens.[7]   Having removed the complaint to this Court, Gowen-Hampton has now filed a motion to dismiss and/or for summary judgment on the grounds that Jordan's claims are barred by *res judicata*. For reasons discussed further below under the applicable standard of review, the Court will grant Gowen-Hampton's motion and dismiss this case.[8]

## II.    STANDARD OF REVIEW

The defendant's motion to dismiss is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Motions to dismiss under Rule 12(b)(6) are appropriate where the plaintiff's complaint fails to state a claim upon which relief can be granted.

---

[5]    Final Judgment [Doc. # 12] in Civil No. H-15-1664 (emphasis in original).

[6]    *Id.*

[7]    Plaintiff's Original Petition & Declaratory Judgment & Application for Temporary Restraining Order [Doc. # 1-2].

[8]    Jordan has filed a motion to remand [Doc. # 6], which will be denied because it is without merit.  Gowen-Hampton has filed a motion to transfer this case [Doc. # 4] to United States District Judge Sim Lake, who entered the final judgment and permanent injunction against Jordan in Civil No. H-15-1664.  Because the Court concludes that Jordan's claims must be dismissed, the motion to transfer will be denied as moot.

In reviewing a motion under Rule 12(b)(6), a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citation omitted).  To withstand a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed.  *Id*. at 570.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure.  Under this rule, a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law.  *Anderson v. Liberty Lobby, Inc*., 477 U .S. 242, 248 (1986).  An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.  *Id*.

If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-movant to provide "specific facts showing the existence of a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  In deciding a summary judgment motion, the reviewing court must

"construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted).  However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes County*, 678 F.3d 344, 348 (5th Cir. 2012) (quoting *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence).

## III.   DISCUSSION

Gowen-Hampton argues that Jordan's claims against her are precluded by the district court's final judgment in Civil No. H-15-1664, which declared the liens at issue null, void, and of no legal effect.  The preclusive effect of a prior federal court judgment is controlled by federal *res judicata* rules.  *See Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000); *Agrilectric Power Partners, Ltd. v. General Elec. Co.*, 20 F.3d 663, 664 (5th Cir. 1994).  A prior judgment is given *res judicata* effect if the following four elements are present: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same

claim or cause of action was involved in both actions.  *Test Masters Educ. Svc., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted).  Courts apply a "transactional" test to determine whether both actions assert the same claim or cause of action.  *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (citation omitted).  "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'"  *Id.* (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004)).  A second claim or cause of action is barred if it arises from "'the same nucleus of operative facts'" as the previous claim.  *Id.* (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)).

The first element of the res judicata analysis is met because the United States explicitly brought the prior action on behalf of its employee, Gowen-Hampton, and named Jordan as the defendant.[9]  Thus, the parties in this action are identical or in privity with the parties in the prior action for purposes of *res judicata*.  *See Russell v. Sun America Sec. Inc.*, 962 F.2d 1169, 1173-76 (5th Cir. 1992);  *see also Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same

---

[9]      Complaint for Declaratory Judgment and Injunctive Relief [Doc. # 1], in Civil No. H-15-1664 (S.D. Tex.).

issue between that party and another officer of the government.").  The second and third res judicata test elements are met because the final judgment was rendered on the merits by a court of competent jurisdiction.[10]  The fourth element is also met because Jordan's claims arise from the same nucleus of operative facts as the prior action, namely, the series of fraudulent liens that Jordan filed against Gowen-Hampton in retaliation for her prosecuting him in Crim. No. 2:10-0020-03.  Those are the same fraudulent liens, which the district court previously declared null, void, and of no legal effect in Civil No. H-15-1664.  To the extent that Jordan now seeks to enforce these liens against Gowen-Hampton, his claims are barred by *res judicata* and must be dismissed.

In addition, Jordan's complaint is patently abusive and designed to harass Gowen-Hampton in further retaliation for her role as prosecutor in Crim. No. 2:10-0020-03.  Because the lawsuit qualifies as both frivolous and malicious, sanctions are warranted.  *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (*Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.")  The Fifth Circuit has acknowledged that "federal courts have the power to enjoin plaintiffs who abuse the court system and harass their opponents." *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1499 (5th Cir. 1993);  *Harrelson v. United States*, 613 F.2d 114, 116 (5th

---

[10]     Final Judgment [Doc. # 12] in Civil No. H-15-1664 (S.D. Tex.).

7

Cir. 1980) (holding that the district court had the power to enjoin "any future litigation on any cause of action arising from the fact situation at issue in [the] case"); *Kamintezky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277-78 & n.1 (S.D. Tex. 1995) (collecting cases that authorize enjoining litigants from filing pleadings and complaints when necessary to deter vexatious and frivolous filings). Based on the vexatious nature of the allegations filed by Jordan, the Court determines that enjoining further filings without leave of court is appropriate in this instance.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.   The defendant's motion to dismiss and/or for summary judgment [Doc. # 8] is **GRANTED**.

2.   The motion to transfer this case to Judge Lake [Doc. # 4] is **DENIED as moot**.

3.   The plaintiff's motions to remand [Doc. # 6] and for judicial review [Docs # 10, # 11, # 12] are **DENIED**.

4.   This case and all claims asserted by the plaintiff are **DISMISSED with prejudice**.

5.   Until such time as the Court may order otherwise, Tyrone Eugene Jordan is hereby **ENJOINED** from filing any action, complaint, or motion in state or federal court that directly or tangentially arises from or relates to

the subject matter alleged in Civil Nos. H-15-1664 or H-15-3456 without first obtaining leave of Court from the Chief Judge of the United States District Court for the Southern District of Texas or this Court.

6.      Jordan is **WARNED** that the filing of other vexatious and/or frivolous complaints, motions, or actions directly or tangentially arising from or relating to matters involved in Civil Nos. H-15-1664 or H-15-3456 may result in the imposition of additional sanctions, including monetary penalties or a criminal contempt citation.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on <u>February 25</u>, 2016.


                                    NANCY F. ATLAS
                          SENIOR UNITED STATES DISTRICT JUDGE